**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**BATESVILLLE DIVISION**

CHRISTOPHER EVERETT                                                        PLAINTIFF
ADC #152664

v.                                        1:19-cv-00114-KGB-JJV

DEVON DITTO, Jailer,
Independence County Jail, *et al.*                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports
your objection.  Your objections must be received in the office of the United States District Court
Clerk no later than fourteen (14) days from the date of the recommendations.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.  Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDATION

## I.    INTRODUCTION

Christopher Everett ("Plaintiff") is a prisoner in the North Central Unit of the Arkansas
Division of Corrections ("ADC").  He has filed this *pro se* action, pursuant to 42 U.S.C. § 1983,
alleging Defendants violated his constitutional rights in a variety of ways while he was a pretrial
detainee at the Independence County Jail ("ICJ").  (Doc. 15.)  On September 16, 2020, I issued a

1

Partial Recommended Disposition suggesting all claims, except a retaliation claim against Defendant Jailer Devon Ditto, be dismissed without prejudice due to Plaintiff's failure to properly exhaust his available administrative remedies. (Doc. 73.) That recommendation is still pending.

With my permission, Defendant Ditto has filed a Supplemental Motion for Summary Judgment arguing the retaliation claim should be dismissed due to a lack of exhaustion. (Docs. 75, 78, 79, 80.) Plaintiff has filed a Response. (Doc. 81). For the following reasons, I recommend the Supplemental Motion for Summary Judgment be GRANTED, Plaintiff's retaliation claim against Defendant Ditto be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will

not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

### A.    The PLRA

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218.  Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.  *Id.*

### B.    ICJ's Grievance Policy

The ICJ's grievance policy says detainees must complete a written grievance that includes the date and time of the alleged incident; "a specific description or summary of the incident;" and "the jailer(s), inmate(s), or other person(s) involved in the incident."   (Doc. 65-6 at 3.)  There is

no time limit when the grievance has to be filed after the challenged incident occurs. The Jail Administrator or designee must provide a response, which is written on the bottom of the grievance form, within five working days.  (*Id*. at 4.)   A copy of the grievance and response is given to the detainee and one is placed in the institutional file.  (*Id*.) Detainees who are dissatisfied with the response, may file an appeal within twenty-four hours.  (*Id.* at 5.)   The Sheriff or Chief Deputy must respond on the bottom of the appeal form within ten working days and that response is the final ruling.  (*Id*.)   A copy of the appeal and response is given to the detainee and one is placed in the institutional file.

### C.    Retaliation Claim

On May 10, 2019, Defendant Ditto used force against Plaintiff. (Doc. 15.) According to Plaintiff, Defendant Ditto retaliated against him on May 24 and 25 for participating in an investigation into that use of force. (*Id*.)  Allegedly, Defendant Ditto said Plaintiff "would regret it" if he got in trouble.  (*Id*.)  Plaintiff also says Defendant Ditto forced him to take medication, threatened to spray him with mace, and instructed an officer to take away  fifteen minutes of his recreation time.   (*Id*. at 10, 11, 13-14.)   The parties disagree as to whether the following two grievances properly exhausted that claim.  (Docs. 79, 81.)

#### 1.    May 28, 2019 Grievance

On May 28, 2019, Plaintiff filed a grievance saying:

> On 5/14/19 and 5/25/19 I was in my cell when Office Diddo came and tried to engage me into a argument. I asked for Ms. Husky the OIC at the time and [he] refused and tried to say that I was cheeking my meds.[1]  I showed him my mouth three or four times and he still said I was.  Ms. Husky already told him not to be around me and he kept sneaking behind her to fuck with me.  I started yelling for Ms. Husky and he tried to pepper spray me thru the bean hole because I was yelling for her and then [he] tried to come in the cell and attack me and Cole came in and

---

[1]  I believe this mean Officer Ditto thought Plaintiff was hiding his medication in his cheek rather than swallowing it.

told him to get away.  The next day, he tried to do the same thing.  I then yelled for Ms. Husky again and he then threatened to kick my ass and pepper spray me.  I kept hollering for Ms. Husky.  I heard on the radio Ms. Husky telling Diddo to get away from my cell and called Cole from male housing and Ms. Husky to my door. I then told her what happened.  He told Ms. Husky he didn't give a fuck that he wasn't pose to be around me.  She advised him that Ms. Sissy said he needed to stay away from me.  He also said he didn't give a fuck what ya'll said and put me off 15 min recs.  I did not do anything to deserve this and please handle this [illegible word].  Thank you.

(Doc. 15 at 18-20; Doc. 81 at 5-6).  Defendant Jail Administrator Sissy Wilson responded on June 3, 2019, by saying she was "looking into this."  (*Id*.)

Plaintiff clearly named Defendant Ditto in this grievance as he was required to do by the ICJ grievance policy.  But, he did not allege Ditto was taking these actions to retaliate against him for participating in an investigation into the May 10, 2019 use of force.  Retaliation is a specific type of § 1983 claim.  A prisoner must show:  (1) he or she engaged in a protected activity, (2) a defendant took adverse action that would chill a prisoner of ordinary firmness from continuing in that activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.  *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty*. 738 F.3d 907, 911 (8th Cir. 2013).  Importantly, the adverse action itself does not have to rise to the level of a constitutional level.  *Nei v. Dooley*, 372 F.3d 1003, 1007 (8th Cir. 2004); *Cody v. Weber*, 256 F.3d 764, 770 71 (8th Cir. 2001).  Instead, the conduct is actionable if it was taken for retaliatory reasons and would chill a prisoner from exercising a constitutional right.  (*Id*.)  Thus, Plaintiff saying that Defendant Ditto was harassing and threatening him conduct, standing alone, was not enough.  Instead, Plaintiff had to put ICJ officials on notice that Defendant Ditto was doing so to retaliate against him for participating in the investigation of his May 10, 2019 use of force. In other words, Plaintiff was required to raise the same claim before ICJ officials as he has done

in this lawsuit.[2]  *See Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (no exhaustion when a prisoner's grievance did not contain "the specific factual allegations that would later appear in his federal complaint"); *Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014) (no exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit).  Thus, I conclude Plaintiff did not properly exhaust his retaliation claim against Defendant Ditto in this grievance.

### 2.      May 29, 2019 Grievance

Plaintiff's May 29, 2019 grievance says:

> I spoke to Detective Rally last week about investigation on 4 different officers.  Yesterday when Deputy Sheriff Moody came in I talked to him because *one of them officers* retaliated against me and he advised me he would get me transferred to either Mountain Home or Conway where I have warrants.  Due to the investigation and retaliation, can you please call Moody and ask him if he's gonna do this for I am scared for my life here. My lawyers and family also know and have called him [illegible word].  Keeping me here is a danger to my life.

(Doc. 15 at 16; Doc. 81 at 7)  (emphasis added.)  On June 3, 2019, Defendant Wilson responded: "When you are done with our charges, you will be transferred to a different agency."  (*Id.*)

Plaintiff clearly raised a retaliation claim in this grievance.  But, he did not name Defendant Ditto as the officer who was retaliating against him.   As previously mentioned, the ICJ grievance policy requires prisoners to name "the jailer(s), inmate(s), or other person(s) involved in the incident."  (Doc. 65-6 at 3.)  And, it is clear from the May 28, 2019 grievance that Plaintiff knew Defendant Ditto's name.  But, he did not provide that name to ICJ officials in the grievance he

---

[2] Defendants say that absent a retaliatory motive, Defendant Ditto's alleged conduct on May 24 and 25, 2019 was not actionable.  (Doc. 79 at 3.) Defendants are correct that verbal harassment standing alone is not a constitutional violation.  But, attempting to pepper spray Plaintiff through the bean hole and trying to enter his cell to attack him goes beyond mere verbal harassment. Plaintiff is not alleging, in this lawsuit, that Defendant Ditto used excessive force on May 24 or 25.  He is claiming Defendant Ditto retaliated against him, which is something different from what he said in his grievance.

filed on the next day.   To satisfy the PLRA, a prisoner must properly comply with the exhaustion rules of the incarcerating facility.  *Jones*, 549 U.S. at 218;  *Woodford,* 548 U.S. at 90 (exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) ("it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion").  Because Plaintiff did not name Defendant Ditto in the May 29, 2019 grievance, it is not proper exhaustion of the retaliation claim he is raising in this lawsuit.  *See Townsend*, 898 F.3d at 784; *Burns,* 752 F.3d at 1141–42.

### 3.    Availability

The PLRA requires prisoners to exhaust only their "available" administrative remedies. *See* 42 U.S.C. § 1997e(a).  Administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016).

Plaintiff argues administrative remedies were available to him because, after he was transferred to the ADC, the Independence County Sheriff refused to review an April 29, 2020 letter Plaintiff sent raising unspecified claims. (Doc. 81 at 2.)  As discussed in my prior recommendation, Plaintiff was required to fully and properly exhaust his administrative remedies *before* he filed this lawsuit on November 18, 2019.  *See Johnson*, 340 F.3d at 627.   Plaintiff could have properly exhausted his May 24 and 25, 2019 allegations at the ICJ before he was transferred to the ADC in July 2019. *See* ADC website, https://apps.ark.org/inmate_info/search.php.  For these reasons, I conclude Plaintiff had administrative remedies available to him that he failed to properly exhaust. Accordingly, his retaliation claim should be dismissed without prejudice.  *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted

claims cannot be brought in court").

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Supplemental Motion for Summary Judgment (Doc. 78) be GRANTED, Plaintiff's retaliation claim against Defendant Ditto be DISMISSED without prejudice, and this case be CLOSED.

2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of November 2020.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE