IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHRISTOPHER EVERETT**　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #152664**

v.　　　　　　　　　Case No. 1:19-cv-00114-KGB-JJV

**DEVON DITTO, Jailer,**
**Independence County Jail,** *et al.*　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**ORDER**

Before the Court are the proposed findings and recommendations of United States Magistrate Judge Joe J. Volpe recommending that the Court grant in part and deny in part defendants Dustin Cole, Devon Ditto, Melanie Pinkston, Shawn Stephens, and Sissy Wilson's motion for summary judgment (Dkt. Nos. 63, 73). Also before the Court are Judge Volpe's proposed findings and recommendations recommending that the Court grant defendants' supplemental motion for summary judgment dismissing plaintiff Christopher Everett's retaliation claim against defendant Ditto (Dkt. Nos. 78, 82). Mr. Everett has filed objections to both of the proposed findings and recommendations, and the Court writes separately to address those objections (Dkt. Nos. 76, 77, 83).

**I.  Background**

Mr. Everett filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights in numerous ways while he was a pretrial detainee at the Independence County Jail (Dkt. No. 15). Many of the allegations in Mr. Everett's complaint derive from an incident on May 10, 2019, during which Mr. Everett contends defendant Ditto used excessive force against him; defendants Cole and Pinkston failed to protect him; defendants Ditto, Cole, and Pinkston did not allow him to remove chemicals sprayed on him and put him in a cell

for 11 hours without running water or a toilet; and defendants Ditto, Cole, Pinkston, Wilson, and Stephens denied him medical care for his injuries (*Id*.).  He also asserts that on May 24 and 25, 2019, defendant Ditto verbally harassed and threatened him in retaliation for his participation in an investigation about the May 10, 2019, incident and that defendants Wilson and Stephens failed to take corrective action against defendant Ditto for his retaliatory conduct (*Id*.).  Finally, Mr. Everett claims generally that "policies, procedures and practices were inadequate" and "training and support of staff were inappropriate to handle the composed situation." (*Id*. at 5-8).

Defendants filed a motion for summary judgment arguing that the Court should dismiss Mr. Everett's claims in the case because Mr. Everett failed to exhaust properly his administrative remedies before filing his complaint as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a) (Dkt. No. 63).  Mr. Everett responded to the motion (Dkt. No. 71).  Judge Volpe made proposed findings of fact and conclusions of law recommending that the motion be granted in part and denied in part (Dkt. No. 73).  Judge Volpe recommended that the Court grant summary judgment and dismiss all of Mr. Everett's claims against defendants except the retaliation claim against Mr. Ditto (*Id*.).  Judge Volpe recommended that the Court deny summary judgment on Mr. Everett's retaliation claim against defendant Ditto because defendants had not addressed in their motion whether Mr. Everett had exhausted properly his administrative remedies about his retaliation claim against defendant Ditto in his May 28 and 29, 2019, grievances (Dkt. No. 73, at 2-3, 7-8).

Mr. Everett filed objections to the proposed findings and recommendations on the motion for summary judgment stating that, when he was transferred to the Arkansas Division of Corrections ("ADC"), he had "no access to the Independence County Grievance System." (Dkt. No. 76, ¶ 1).  He states that this left him with "no administrative remedies available to plaintiff due

2

to his transfer to ADC." (Dkt. No. 76, ¶ 4).  Mr. Everett also submitted a declaration in which he states that he "filed this lawsuit after leaving Independence County Jail and transferred to ADC where I was left with no access to the Independence County Jail Grievance Process" (Dkt. No. 77).  Mr. Everett states that he should be allowed to proceed with his case, "due [to] not having any available exhaustion remedies." (*Id.*).

With Judge Volpe's permission, defendants filed a supplemental motion for summary judgment for failure to exhaust administrative remedies addressing Mr. Everett's May 28 and 29, 2019, grievances and arguing that Mr. Everett did not exhaust his retaliation claim against defendant Ditto before filing his lawsuit (Dkt. Nos. 78, ¶¶ 7-13; 79; 80).  Mr. Everett responded to the supplemental motion for summary judgment (Dkt. No. 81).  Judge Volpe submitted proposed findings and recommendations recommending that the Court grant defendants' supplemental motion for summary judgment for failure to exhaust, dismiss the retaliation claim against defendant Ditto, and close the case (Dkt. No. 82).

Mr. Everett objects to Judge Volpe's proposed findings and recommendations that defendants' supplemental motion for summary judgment be granted.  Mr. Everett asserts that he had "no available exhaustion remedies due to his transfer to ADC"; that he "filed grievance and exhausted it"; and that he "exhausted all available remedies available to him before his transfer to the ADC and other remedies are not available due to his transfer to ADC and due to Independence Grievance Policy not allowing post transfers [sic] grievance." (Dkt. No. 83, ¶¶ 3-5).

**II.    Analysis**

Judge Volpe addresses each of Mr. Everett's objections in his proposed findings and recommendations, and Mr. Everett's objections do not break new ground that would cause the Court to reject either of the proposed findings and recommendations (Dkt. Nos. 73, 82).   As to

Mr. Everett's argument that he filed grievances related to the May 10, 2019, incident, Judge Volpe finds, based on the affidavit of Chief Deputy Aaron Moody which Mr. Everett does not dispute in his objections, that, in spite of filing grievances for other things, Mr. Everett never grieved his claim that he was subjected to a constitutional violations at the hands of defendants on May 10 or 11, 2019 (Dkt. Nos. 65-1, at ¶ 10; 73, at 5).

As to Mr. Everett's claim that the grievance policy was unavailable due to his transfer to the ADC, Judge Volpe points out that Mr. Everett was required to exhaust his administrative remedies prior to filing his lawsuit on November 18, 2019, and that he could have exhausted his grievances related to the incidents on May 10, 24, and 25, 2019, while he was at the Independence County Jail and before he was transferred to the ADC in July 2019 (Dkt. No. 82, at 7).  The Court declines to adopt Judge Volpe's analysis in one respect in this case, but this action by the Court does not impact the overall outcome of this litigation.  This Court declines to pass on whether Mr. Everett was required to file grievances before he was transferred from the Independence County Jail to the ADC, and in this regard, rejects and modifies slightly Judge Volpe's analysis (Dkt. No. 82, at 7-8).  Mr. Everett was required to exhaust his administrative remedies prior to filing his lawsuit on November 18, 2019, and failed to do so with respect to the claims Judge Volpe addresses in his fist proposed findings and recommendations (Dkt. No. 73), thereby requiring this Court under controlling law to dismiss without prejudice those claims.  This results regardless of whether Mr. Everett was required to file his grievance before being transferred from the Independence County Jail.  As to the grievances that are the focus of Judge Volpe's second proposed findings and recommendations (Dkt. No. 82), those were filed before Mr. Everett transferred from the Independence County Jail to the ADC; they were filed May 28 and May 29, 2019 (Dkt. No. 82, at 4-7).  Although timely, these grievances filed May 28 and May 29, 2019,

fail for other reasons explained by Judge Volpe. Any effort by Mr. Everett to grieve these issues again after filing this lawsuit on November 18, 2019, would be unsuccessful because suit had already been filed.

As to Mr. Everett's claim that he exhausted grievances related to his retaliation claims against defendant Ditto, Judge Volpe finds that in his May 28, 2019, grievance, Mr. Everett did not properly exhaust his *retaliation* claim because "he did not allege Ditto was taking these actions to retaliate against him for participating in an investigation into the May 10, 2019 use of force." (Dkt. No. 82, at 5). Further, in his May 29, 2019, grievance Mr. Everett alleged retaliation, but he did not name defendant Ditto "as the officer who was retaliating against him" as required by the Independence County Jail grievance policy (Dkt. No. 82, at 6). Mr. Everett has not provided any evidence to rebut these findings.

Upon a *de novo* review of the record, including Judge Volpe's proposed findings and recommendations, the Court finds that Mr. Everett's objections fail to rebut Judge Volpe's proposed findings and recommendations.

### III. Conclusion

For these reasons, the Court adopts both of Judge Volpe's proposed findings and recommendations as modified by the Court in this Order (Dkt. Nos. 73, 82). Therefore, it is ordered that:

1. The Court grants in part and denies in part defendants' motion for summary judgment for failure to exhaust administrative remedies and dismisses, without prejudice, all of Mr. Everett's claims against defendants Dustin Cole, Devon Ditto, Melanie Pinkston, Shawn Stephens, and Sissy Wilson except for his retaliation claim against defendant Ditto in his personal capacity (Dkt. No. 63).

2.	The Court grants defendants' supplemental motion for summary judgment for failure to exhaust administrative remedies and dismisses, without prejudice, Mr. Everett's retaliation claim against defendant Ditto in his personal capacity (Dkt. No. 78).

3.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order adopting these findings of fact and recommendations of law and the accompanying judgment would not be taken in good faith.

So ordered this 25th day of March, 2021.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge